UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>MAJIAD RAHIMIFAR, et al.,<br><br>Defendant. | **CASE NO. 1:17-cv-00765-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's June 5, 2017 complaint is before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison, Corcoran ("CSPC"), in Corcoran, California, where his claims arose. He brings this action against Dr. Rajiad Rahimifar, a surgeon in Bakersfield, California; Alcanno, a doctor at CSPC; Conall McCabe, a doctor at CSPC; and C. Ogbuehi, a physician's assistant at CSPC.

As the court explains in the screening analysis below, Plaintiff presents two claims

arising from apparently unrelated incidents. First, he alleges inadequate post-surgical care by an outside surgeon and a physician at CSPC. (ECF No. 1 at 3-4.) Second, he asserts a claim based on improper management of pain (seemingly unrelated to the surgical procedure) by a different physician at CSPC and a physician's assistant. (Id. at 5-6.)

### A. Claim One

Plaintiff alleges: He was diagnosed with "cord atrophy" and sent for surgery at an outside facility in Bakersfield. The surgeon, Defendant Rahimifar, advised Plaintiff before the surgery that Plaintiff would need to remain in the hospital two to three day to recover from the operation. However, Plaintiff was discharged the day of the procedure, November 23, 2015, and forced to twist, lift, and push himself into a prison sedan, despite his delicate post-surgical condition.

When Plaintiff returned to CSPC, Defendant Alcanno did not accommodate him with a medical bed to stabilize and control his symptoms. As a result of this and the post-surgical transportation, Plaintiff was forced to return to the Bakersfield hospital. There he was chained to a gurney for hours before being admitted, only to be discharged early in the morning on November 24, 2015 and forced, again, to twist, lift, and push himself into a prison van.

When Plaintiff returned to CSPC, Defendant Alcanno again failed to accommodate Plaintiff's condition; he discharged him into general population with an open surgical wound and without a medical bed.

Plaintiff sues for deliberate indifference to his serious medical need and seeks compensatory and punitive damages from Defendants Rahimifar and Alcanno.

### B. Claim Two

In his second claim, Plaintiff alleges: Since 2001 Plaintiff has suffered chronic pain from back injuries, osteoarthritis, and a major rotator cuff tear. In 2014, the CSPC pain committee approved morphine to treat Plaintiff's pain. On December 12, 2015, however, Defendant Ogbuehi, a physician's assistant purportedly aware of Plaintiff's need for

morphine, abruptly terminated the prescription without conducting an independent medical evaluation. Without morphine, Plaintiff suffers severe physical pain and mental anguish.

On May 11, 2016, Defendant McCabe, a physician who was aware of all of the foregoing, failed to intervene or provide Plaintiff with adequate or effective pain treatment.

Plaintiff alleges deliberate indifference to a serious medical need and seeks compensatory and punitive damages from Defendants Ogbuehi and McCabe.

**IV.     Discussion**

    **A.     Unrelated Claims**

It appears from the pleading that Plaintiff is asserting two unrelated claims against two pairs of defendants in violation of Federal Rule of Civil Procedure 20(a)(2). That provision permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff's claims, as presently stated, do not appear to arise out of the same transaction or occurrence, or involve common questions of law or fact. Claim One arises from Plaintiff's post-operative care in November 2015. (ECF No. 1 at 3-4.) Claim two is brought against two different Defendants for discontinuation of morphine in 2015 and 2016. (Id. at 4-5.) While both claims may relate to Plaintiff's back ailment, they arise out of distinct events and actions of different sets of parties.

Since Plaintiff's claims do not appear to arise out of the same transaction or involve common questions of law or fact, the complaint will be dismissed with leave to amend. If Plaintiff elects to amend his complaint, he has two options: (1) He may attempt

to bring both claims again in this action and present the Court with facts that demonstrate that the claims are actually related and arise out of the same transaction or occurrence; or (2) He may choose which claim he wishes to pursue in this action. If Plaintiff chooses the second option, he may bring the second, unrelated claim in a separate action. Each claim must comply with the Court's screening requirements as set out below and state a cognizable claim for relief.

### B. Claim One as against Defendant Rahimifar

Plaintiff's complaint states a cognizable claim for relief against Defendant Rahimifar for deliberate indifference to a serious medical need.

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing

Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

Under § 1983, Plaintiff must allege that each named defendant *personally* participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7; Simmons, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Plaintiff alleges that Defendant Rahimifar told him prior to the surgery that he would require a two to three day hospital stay for post-operative recovery. (ECF No. 1 at 3.) Plaintiff claims Defendant Rahimifar then displayed deliberate indifference to Plaintiff's serious medical needs by discharging him the day of the surgery. (Id. at 3-4.)

Plaintiff has sufficiently alleged a serious medical need necessitating surgery and a two to three day hospital recovery and that same was known to Defendant Rahimifar who nevertheless ignored Plaintiff's needs by discharging him immediately after surgery, aggravating Plaintiff's symptoms and condition.

### C. Claim One as against Defendant Alcanno

Plaintiff's complaint, as currently drafted, does not state a cognizable claim for relief against Defendant Alcanno for deliberate indifference and will be dismissed with leave to amend.

As with the claim against Defendant Rahimifar, Plaintiff sufficiently alleges a serious medical need concerning his post-operative care. He also alleges that both the lack of a medical bed and his release into the general population with an open wound

caused increased pain. This is sufficient to demonstrate the harm element of a deliberate indifference claim.

However, the complaint is unclear as to what Defendant Alcanno's position with the prison was and how he was responsible for Plaintiff's care after discharge from the hospital or for releasing Plaintiff to the general population. As noted, Plaintiff must allege that each named defendant *personally* participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7..

Accordingly, Plaintiff's claims against Defendant Alcanno are dismissed with leave to amend.

### D.     Claim Two as against Defendant Ogbuehi

Plaintiff's complaint states a cognizable claim for relief against Defendant Ogbuehi for deliberate indifference to a serious medical need.

Plaintiff alleges that the pain committee at CSPC approved his ongoing need for morphine treatment for chronic severe pain in 2014. (ECF No. 1 at 5.) However, on December 12, 2015, Defendant Ogbuehi, a physician's assistant, abruptly terminated this course of treatment without an independent medical examination, causing Plaintiff increased severe pain. (Id. at 5-6.)

The complaint establishes a serious medical need in Plaintiff's chronic pain, as well as harm in the discontinuation of morphine. Furthermore, Plaintiff alleges that Defendant Ogbuehi knew of the serious medical need, yet willfully terminated a proven and approved form of treatment for Plaintiff's detriment without undertaking any kind medical evaluation to determine the propriety of the action. .

Accordingly, Plaintiff alleges a cognizable claim for deliberate indifference, as Defendant Ogbuehi was in a position to know that morphine treatment was necessary and consciously disregarded that need through the medically unacceptable discontinuation of treatment without an independent medical examination.

### E. Claim 2: Defendant McCabe

As with Defendant Alcanno, the complaint does not allege Defendant MCCabe's role at the prison, other than stating he is a medical doctor. (ECF No. 1 at 3.) Plaintiff alleges that Defendant McCabe was aware of Defendant Ogbuehi's decision to end morphine treatment and failed to intervene, despite having knowledge of Plaintiff's chronic pain conditions. (Id. at 6.) These allegations are insufficient to state a cognizable claim for deliberate indifference.

While Plaintiff has sufficiently alleged a serious medical need in his chronic pain condition, he fails to establish any act or omission by Defendant McCabe that harmed him. Plaintiff's complaint is vague and conclusory in stating that Defendant McCabe was aware of the serious need, aware of Defendant Ogbuehi's actions to end the morphine treatment, and aware that this caused Plaintiff harm. In order to establish a deliberate indifference claim, Plaintiff must allege that each named defendant *personally* participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7. Mere awareness without a defined role in the prison that imposes a duty on Defendant McCabe to intervene is insufficient. Without establishing Defendant McCabe's role and what responsibilities he had to Plaintiff, his lack of action concerning Defendant Ogbuehi's ending of morphine treatment cannot establish a Constitutional deprivation.

Furthermore, even if Defendant McCabe is Defendant Ogbuehi's supervisor, that does not automatically establish liability for him personally. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013). As currently drafted, the complaint does not allege whether Defendant McCabe was Defendant Ogbuehi's supervisor, whether Defendnt McCabe was Plaintiff's physician, or whether Defendant McCabe held some other role. Without some definition as to

1  Defendant McCabe's role, the Court cannot determine whether Plaintiff's allegations
2  against him state a cognizable claim for relief.
3      Accordingly, Plaintiff's claim against Defendant McCabe must be dismissed with
4  leave to amend.

**V.  Conclusion**

Plaintiff's complaint fails to state a cognizable claim against two of the four named Defendants. The Court will provide Plaintiff the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff chooses not to amend, and instead wishes to proceed only against Defendants Rahimifar and Ogbuehi, then he must so notify the Court.

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Furthermore, if Claims 1 and 2 are unrelated, as the Court found here, then Plaintiff must choose one or the other to pursue in this action, while pursuing the other in a separate case.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed June 5, 2017;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice that he wishes to proceed only on Claim 1 against

Defendant Rahimifar; and

4. If Plaintiff fails to file an amended complaint or notice that he wishes to only proceed against Dr. Rahimifar, then this action may be dismissed without prejudice.

IT IS SO ORDERED.

Dated: October 15, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE