UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>MAJID RAHIMIFAR and MUSHTAQ AHMED,<br><br>Defendants.[1] | Case No. 1:17-cv-00765-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY LETTER MOTION TO DISMISS<br><br>OBJECTIONS DUE WITHIN 30 DAYS<br><br>ECF No. 16<br><br>ORDER DIRECTING SERVICE OF DOCUMENTS AND ASSIGNING CASE TO UNITED STATES DISTRICT JUDGE |

Plaintiff Daniel Murphy Coston, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff proceeds against Majid Rahimifar, a surgeon, and Mushtaq Ahmed, a doctor, on deliberate-indifference claims under the Eighth Amendment, alleging denial of adequate medical care. He alleges that defendant Rahimifar told him that he would need to stay at a hospital for two to three days to recover from his cervical discectomy, but that Rahimifar later discharged him from the hospital merely hours after the surgery. ECF No. 11 at 3-4. Plaintiff further alleges that a hospital admitted him when an unidentified complication arose following surgery and that defendant Ahmed discharged him within hours of plaintiff's admission to the hospital. *Id*. at 4. This order

---

[1] This case caption has been amended to reflect defendant Mushtaq Ahmed's full name, and the order below will direct the clerk of court to amend the case caption.

1

concerns a letter from Ahmed requesting dismissal.

## I. Ahmed's letter motion

Ahmed, without an attorney, has filed a one-page letter asking the court to dismiss this case. He states in his letter:

> Mr. Coston is an inmate of Corcoran Correction facility. I was one of the physicians on his case, but I was not the surgeon.
>
> Mr. Coston is complaining that he was discharged too soon after the surgery. It should be noted that the length of an inmate's hospital stay is determined by the correctional facility (Corcoran) and the charge nurse of the hospital (Mercy Hospital of Bakersfield) and not by the physician. Hence, I request that the case be dismissed while the response should be forthcoming from the responsible parties (Corcoran Correctional Facility and Mercy Hospital Charge Nurse).

ECF 16. Ahmed presents no evidence supporting his statements.

The court should deny Ahmed's letter motion, which we construe as a motion for summary judgment.[2] The court should not dismiss the case on the basis of an unsubstantiated claim that unidentified individuals at plaintiff's prison or hospital—rather than defendant—determined the duration of plaintiff's hospital stay. Because Ahmed has not supported his factual assertions, he has not shown either the absence of a genuine dispute of any material fact or entitlement to summary judgment, so the court should deny his letter motion. *See* Fed. R. Civ. P. 56(a). The court should deny the motion without prejudice and allow him to raise the same defense later in the case, as Ahmed has filed his motion without the assistance of counsel. *See* Fed. R. Civ. P. 56(e). Likewise, because Ahmed does not have an attorney, the court should not deem him to have waived any defenses—Rules 12(g)(2) and 12(h)(1) notwithstanding.

---

[2] The letter asserts a defense not enumerated under Federal Rule of Civil Procedure 12, and Ahmed needs to plead and prove the asserted defense; a motion for summary judgment would be the appropriate vehicle for such a defense. *See* Fed. R. Civ. P. 12(d); *Albino v. Baca*, 747 F.3d 1162, 1168-71 (9th Cir. 2014) (reasoning that motion for summary judgment, not motion to dismiss, is appropriate procedural vehicle when motion refers to defense that is not numerated under Rule 12 and defendant must plead and prove asserted defense).

Ahmed's letter suggests that plaintiff has sued the wrong defendants, and Rule 19(a) requires the court to join any required party to the action. Ahmed, however, has not properly supported his factual assertions with evidence, so it is premature to consider whether other individuals should be joined as defendants.

**II. Other matters**

We end by addressing three other issues. First, the docket designates this case as a matter in which the parties have consented to a magistrate judge's jurisdiction, but this appears to be an error: Ahmed has not consented. Because not all parties have consented to the jurisdiction of a magistrate judge, Ahmed's letter motion requires a district judge's ruling and review of findings and recommendations.

Second, it appears that Ahmed has not been receiving court orders. Ahmed appears pro se and does not receive notices of electronic filings, so he should be served by a conventional method of service. *See* Local Rule 135(b). The docket does not show that either the scheduling order or the order regarding consent to a magistrate judge's jurisdiction has been served on Ahmed. The order below will direct the clerk of court to mail these orders to Ahmed.

Third, certain claims in the original complaint were dismissed by a magistrate judge without findings and recommendations. ECF No. 10. If Ahmed does not consent to the jurisdiction of a magistrate judge, the screening of the original complaint will be addressed through findings and recommendations.

**III. Findings and recommendations**

The court should deny defendant Mushtaq Ahmed's letter motion to dismiss, ECF No. 16, without prejudice. These findings and recommendations are submitted to a U.S. district judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 30 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C.

§ 636(b)(1)(C). The parties' failure to object within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

**IV. Order**

1. The clerk of court is directed to assign this case to a district judge who will review these findings and recommendations.
2. The clerk of court is directed to mail the following documents to defendant Mushtaq Ahmed:
   a. a copy of the order reassigning this case, ECF 17,
   b. a copy of the discovery and scheduling order, ECF 20, and
   c. a form order regarding consent to the jurisdiction of a magistrate judge or request for reassignment.
3. The clerk of court is directed to amend the case caption to reflect defendant Mushtaq Ahmed's full name.
4. If the presiding judge adopts these findings and recommendations, an answer or a responsive motion by defendant Mushtaq Ahmed is due within 21 days from the date of the adoption.

IT IS SO ORDERED.

Dated:   October 23, 2018

UNITED STATES MAGISTRATE JUDGE