UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. COSTON, | Case No. 1:17-cv-00765-JDP |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |
| v. | |
| MAJID RAHIMIFAR, *et al.*, | ECF Nos. 37, 42 |
| Defendants. | OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff, a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983, complains about his post-operative medical care following major back surgery in November 2015. Plaintiff alleges that on the same day of his surgery at Bakersfield Hospital, November 23, 2015, he was discharged and forced to load himself into a prison sedan, despite his delicate, post-surgical condition. Plaintiff was transported to the prison, which did not have a bed capable of stabilizing and controlling his symptoms. He was discharged from the prison and returned to the hospital the next day, causing more discomfort. Plaintiff has stated Eighth Amendment medical deliberate indifference claims against (1) defendant Rahimifar, who advised plaintiff prior to the surgery that he would require a two- to three-day hospital stay for post-operative recovery and then discharged plaintiff on the day of the surgery, and (2) defendant

1

Ahmed,[1] who discharged plaintiff from the hospital upon re-admittance the day after surgery. *See* ECF No. 12 at 6-7. Both defendants are physicians at Bakersfield Hospital.

Defendants move for summary judgment based upon an alleged failure to exhaust administrative remedies. ECF Nos. 37, 42. In response, plaintiff provides documentation of his administrative exhaustion process for his claims of medical deliberate indifference against defendants. ECF Nos. 47, 48, 49. Defendants replied, renewing their exhaustion arguments and asserting that plaintiff's signed statement is inadmissible. ECF Nos. 50, 51. This matter is now ripe for review.

**Evidentiary Objections**

As an initial matter, defendants' evidentiary objection that plaintiff's signed declaration must be sworn under penalty of perjury is meritless for multiple reasons. First, plaintiff is the non-moving party on the instant motions and does not bear the burden of proof. His evidence, though it should be substantively admissible, need not be presented in admissible form. *See* Fed. R. Civ. P. 56(c)(2) (allowing evidentiary objections only if the asserted facts "cannot be presented in a form that would be admissible in evidence"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (recognizing that the nonmoving party does not need to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"). Second, "courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Finally, attorneys, as officers of the court, have an obligation to narrow issues and facilitate the process, not hinder it with unfounded objections. *See* Fed. R. Civ. P. 1. For these reasons, defendants' evidentiary objections are overruled, and I will consider plaintiff's declaration.

**Summary Judgment Standard**

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith*

---

[1] This defendant was sued as Ahmed Mushtaq, but refers to himself as Mushtaq Ahmed. I use the defendant's preferred surname in this order. Should defendant Ahmed wish to correct the docket, he may file an appropriate motion.

2

*Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party demonstrates that summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

In a summary judgment motion for failure to exhaust, the defendant has the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

**Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007). In this case the administrative remedy process of the California Department of Corrections and Rehabilitation ("CDCR") is applicable. *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A prisoner

initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance"). *Id.* §§ 3084.2(a), 3084.8(b) (quotation marks omitted).

The grievance must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception. *See Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Discussion**

The parties do not contest that plaintiff filed a grievance with the prison and that his grievance was exhausted through the third-level appeal. Instead, defendants argue that the content of the administrative grievance should have described plaintiff's medical deliberate indifference claims against defendants with more specificity. The exhaustion requirement is intended to give a prison the notice and opportunity to correct an issue before it is brought to court, and to create an administrative record. *See Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). "The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Reyes*, 810 F.3d at 659 (quoting *Jones*, 549 U.S. at 219).

Defendants argue that plaintiff's grievance failed to alert the prison to the nature of plaintiff's claim and failed to name the individual defendants. In his grievance, plaintiff

5

complained about his post-surgical care and raised the issue of being transported the same day and the day after surgery. *See* ECF No. 42-3 at 15-18. Defendants argue that plaintiff does not specifically connect these transportation decisions to defendants in the grievance. However, plaintiff is not required to provide "personal notice" in his grievance. *See Reyes*, 810 F.3d at 659.

Plaintiff asserts, and defendants do not dispute, that his medical records were attached to his grievance. *See* ECF No. 48 at 2. These medical records named both defendants. *See id.* at 20-32. Even so, defendants argue that plaintiff should have been more specific in his grievance, apparently expecting plaintiff to have raised his claims with precision, as they would eventually be laid out in this court's screening order. *See* ECF Nos. 50, 51. There is no such requirement. *See Griffin*, 557 F.3d at 1120. The prison had the opportunity to consider, and did consider, whether plaintiff's post-operative care was medically adequate. Plaintiff's grievance was sufficiently detailed to exhaust his administrative remedies as to his Eighth Amendment claim. *See Reyes*, 810 F.3d at 659 (recognizing that a grievance meets the requirements of the PLRA if it "'alerts the prison to the nature of the wrong for which redress is sought'" (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010))). *See also Fuqua v. Ryan*, 890 F.3d 838, 847-50 (9th Cir. 2018) (recognizing that a request that was considered and rejected by the prison during the grievance process had been exhausted).

**Order**

Defendants have failed to meet their burden on summary judgment as to plaintiff's medical indifference claims. Accordingly, I deny defendants' motions for summary judgment for failure to exhaust administrative remedies. ECF Nos. 37, 42.

IT IS SO ORDERED.

Dated: November 19, 2019

_____
UNITED STATES MAGISTRATE JUDGE

6

No. 204.