UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. COSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>MAJIAD RAHIMIFAR *and* MUSHTAQ AHMED,<br><br>  Defendants. | Case No. 1:17-cv-00765-JDP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING CASE WITH PREJUDICE<br><br>ECF Nos. 57, 63 |

Plaintiff Daniel Murphy Coston is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges medical deliberate indifference arising from spinal surgery in 2015; both defendants are physicians at the Bakersfield Hospital where plaintiff was treated. On December 9, 2019, defendants moved separately for summary judgment under Federal Rule of Civil Procedure 56, arguing that the undisputed facts fail to support plaintiff's deliberate indifference claim. *See* ECF Nos. 57, 63. Plaintiff filed an opposition on February 18, 2020, and defendants replied on February 26. *See* ECF Nos. 68, 70, 71.[1]

Because there is no genuine, material allegation that defendants failed to satisfy the relevant professional standards of care, plaintiff's medical deliberate indifference claim must

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), defendants gave plaintiff notice of the requirements for opposing a summary judgment motion via an attachment to the motion for summary judgment. *See* ECF Nos. 58, 63-3.

1

1  fail as a matter of law.  We will therefore grant defendants' motions for summary judgment
2  and dismiss this case with prejudice.

**Background on Facts and Allegations**

On November 23, 2015, Dr. Rahimifar performed back surgery on plaintiff.  ECF No. 68 at 3.  Plaintiff was discharged from the hospital the same evening, after signing a discharge order.  *Id*.  Plaintiff arrived back at his prison facility and complained of significant pain.  *Id*.  He was transported back to the hospital, where he was readmitted and treated by hospital staff working under Dr. Ahmed, and where he remained overnight.  *Id*. at 4.  He received a CT Scan that revelated no complications.  ECF No. 71 at 4.  On November 24, Dr. Ahmed suggested on that plaintiff could be returned to the prison, and he was discharged to the general population.

The objective medical evidence indicates that plaintiff's surgery had no complications.  ECF No. 71 at 2.  Dr. Rahimifar noted the lack of complications in his original discharge instructions, and plaintiff was able to walk.  *Id*. at 3.  Additional x-rays on December 4 and 18 revealed no abnormalities.  *Id*. at 6.  Defendants have offered sworn professional medical testimony indicating that their decisions to treat and discharge plaintiff were within the relevant professional standard of care.  *See* ECF No. 61 (declaration of doctor William Klein); ECF No. 65 (declaration of doctor Lawrence M. Shuer).

Plaintiff contends that defendant Rahimifar informed him before the operation that he would need to remain in the hospital for two to three days after surgery, ECF No. 11 at 2, and contends that he originally requested and was prescribed "inpatient" surgery, ECF No. 68 at 11.  Plaintiff also alleges that defendant Ahmed discharged him from the hospital knowing that the prison to which plaintiff would return had no medical bed space available.  *Id*. at 5.  In his first treatment notes, Dr. Ahmed described his plan as follows: "As soon as infirmary bed is available, we will discharge [Coston] back to the [prison] facility.  At present, I do not see any postoperative complications."  ECF No. 68 at 59.  In his discharge notes, Dr. Ahmed stated: "[Coston] is clinically doing fine, ambulating.  He is hardly requiring any pain medication. . . . The patient's condition was discussed during conference call and suggested that he can be discharged to [prison] facility to general population."  *Id*. at 62.

**Legal Standard**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In making a summary judgment determination, a court "may not engage in credibility determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

As detailed below, defendants have met their burden of showing the absence of a genuine issue of material fact, and plaintiff has not shown that there is an issue for trial.

**Analysis**

The Eighth Amendment of the United States Constitution protects prisoners against "deliberate indifference" to their "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires a showing that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). It is a high standard. Isolated incidences of neglect do not suffice; nor do mere disagreements over the best course of treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Even when viewed in their most favorable light—and assuming that the medical need here was serious—Coston's allegations and the undisputed evidence cannot show that doctors Rahimifar and Ahmed were deliberately indifferent to his needs. At most, Coston's allegations suggest that he had the reasonable expectation of staying in the hospital for two or three days, and was understandably disappointed that this expectation was not met, and that he suffered additional pain on account of it. Assuming Coston's allegations are true (for the sake of this motion), it may have been unwise for Dr. Rahimifar to tell Coston to expect a longer stay in the hospital, and it may have been more painful to transfer Coston out of the hospital the evening after he had surgery. It may also have been unwise for Dr. Ahmed to arrive at the original treatment position that Coston should be kept in the hospital until a medical bed became available at the prison—a position that Dr. Ahmed apparently updated after a conference call.

A changing treatment plan that required less time in the hospital may have generated additional pain and discomfort—and plaintiff may understandably object to this—but a changed plan does not clear the high bar of medical deliberate indifference. Defendants have submitted sworn medical testimony that their treatment satisfied the profession's standard of care at all times. *See* ECF No. 61 at 5 ("Based on my education, training and experience, and upon my review of the records and deposition in this case, it is my opinion that the care and treatment rendered by Dr. Ahmed to Mr. Coston on November 23-24, 2015, met the standard of care at all times."); ECF No. 65 at 5 ("[I]t is my professional opinion that all aspects of the care and treatment rendered by Dr. Rahimifar to Mr. Coston met the applicable standard of care."). While plaintiff alleges that his treatment plan changed, he does not create a genuine or material dispute that his treatment failed to satisfy the profession's standard of care—and, thus, fails to create a material or genuine issue as to whether doctors Ahmed and Rahimifar were deliberately indifferent. *See Toguchi*, 391 F.3d at 1060 ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

Because there is no genuine dispute over the fact that defendants satisfied the applicable standard of care, defendants' motions will be granted.

**Order**

For the foregoing reasons, I grant defendants' motions for summary judgment. ECF Nos. 57, 63. Plaintiff's complaint is dismissed with prejudice and the clerk's office is ordered to enter judgment in favor of defendants and close this case.

IT IS SO ORDERED.

Dated:   September 22, 2020               _____
                                          UNITED STATES MAGISTRATE JUDGE

No. 205.