UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAJIAD RAHIMIFAR, M.D., et al.<br><br>　　　　Defendants. | No. 1:17-cv-000765-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. No. 75. |

Pending before the Court is Plaintiff's *pro se* motion titled "Request for Reconsideration by District Judge of Magistrate Judge Order ECF [57] & [63]. Local Rule 303, F.R.C. P. 72. Plaintiff's Alternative Notice of Appeal. F.R.A. 3-4." filed on October 14, 2020. Doc. No. 75. Only Defendant Rahimifar, M.D., filed a response in opposition to Plaintiff's motion on November 2, 2022. Doc. No. 80. For the reasons set forth below, the Court denies Plaintiff's motion.

**I.　BACKGROUND**

On December 8, 2020, this case was re-assigned from Magistrate Judge Peterson to the undersigned. *See* Doc. No. 81. A review of the docket reveals Plaintiff, a prisoner, initiated this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983 on June 5, 2017. Doc. No. 1. The court granted Plaintiff's leave to proceed in this action *in forma pauperis*. Doc. No. 7. After screening under 28 U.S.C. § 1915A, Plaintiff proceeded on his

1

medical deliberate indifference claims against Defendants Majiad Rahimifar, M.D. and Ahmed Mushtaq, M.D.  *See* Doc. Nos. 10, 12.  On January 25, 2019, after receipt of all parties' executed consent forms, United States Chief District Judge O'Neill assigned this case to Magistrate Judge Peterson under 28 U.S.C. § 636(c)(1).  *See* Doc. No. 28 (order assigning case from district judge to magistrate judge); *see also* Doc. No. 9 (plaintiff consent form), Doc. No.22 (Defendant Rahimifar, M.D., consent form); Doc. No. 27 (Defendant Mushtaq, M.D., consent form).  After pleadings and discovery had closed, the court granted Defendants Dr. Rahimifar and Dr. Mushtaq's separate motions for summary judgment on September 22, 2020.  *See* Doc. No. 72.  Judgment was entered that same day.  Doc. No. 73.

## II. APPLICABLE LAW AND ANALYSIS

### A. Plaintiff is not entitled to relief under Fed. R. Civ. P. 72 or Local Rule 303

Plaintiff, citing to Federal Rule Civil Procedure 72(a) and Local Rule 303(f), requests the district court to "modify" Judge Peterson's September 22, 2020 Order because "it is erroneous and contrary to law."  Doc. No. 75 at 5.  Because this is a "consent case," Rule 72 and Local Rule 303 do not govern this action.  *See generally* 28 U.S.C. 636(c)(1) (permitting magistrate judges to conduct any and all proceedings where the parties consent); Fed. R. Civ. P. 73 (authorizing consent to magistrate judges); Local Rule 305 (E.D. Ca. 2019) (providing procedures for disposition of civil actions on consent).   As Defendant Rahimifar correctly points out in opposition, because Plaintiff improperly seeks relief under Local Rule 303 and Fed. R. Civ. P. 72, both of which govern magistrate judge's orders in non-consent cases, his motion is due to be denied.  *See* Doc. No. 80.  Plaintiff's proper remedy to challenge the September 22, 2020 final order is to file an appeal directly to the appropriate appellate court.  28 U.SC. § 636 (c)(3).  Here, Plaintiff did file a timely notice of appeal, which remains pending in the United States Court of Appeals.  *See* Doc. Nos. 76, 79.

### B. Plaintiff does not sustain his burden under Fed. R. Civ. P. 59 or 60

This Court is mindful that *pro se* pleadings must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (noting *pro se* pleadings are to be "liberally construed" and "construed as to do substantial justice."); *see also Hebbe v. Pliler*,

627 F.3d 338, 341 (9th Cir. 2010) (citations omitted) (noting courts' obligation to liberally construe *pro se* prisoner civil rights actions and afford *pro se* prisoners "the benefit of any doubt"). Plaintiff filed the Motion less than twenty-eight (28) days after judgment was entered. In his Motion, Plaintiff's states he "objects" to Judge Peterson's order and argues there are questions of material fact that required the denial of Defendants' respective motions for summary judgment. *See* generally Doc. No. 75.

The Court construes Plaintiff's *pro se* motion to be a motion for reconsideration filed under either Fed. R. Civ. P. 59, motion to alter or amend a judgment, or Fed. R. Civ. P. 60, relief from judgment. *See School Dist. No. 1J, Multnomah County, Or. V. AC and S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (other citations omitted) (noting that reconsideration of an order granting summary judgment may proceed under either Rule 59 or Rule 60); *see also Bonilla v. Siskiyou County*, Case No. 2:18-cv-2555-KJM-KJN, 2019 WL 6618060 (E.D. Ca. Dec. 5, 2019) (analyzing reconsideration motion under both Rule 59 and 60).

### 1. Standard of Review

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See United States v. Westland Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

A Rule 59 motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Bonilla*, 2019 WL 6618060 *1 (citations omitted). A district court may grant reconsideration under Rule 59 when: (1) it is presented with newly discovered evidence; (2) the court committed clear error, or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Id.*; *see also School Dist. No. 1J*, 5 F.3d at 1263 (citations omitted). A Rule 59 motion must be filed within twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(e).

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) set forth above filed no more than a year after the entry of the judgment or order.  Moreover, under Local Rule, the moving party seeking reconsideration of an order must submit an "affidavit . . . setting forth the material facts" that show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

  **2. Analysis**

  At the outset, the Motion fails to comport with Local Rule 230(j).  Nor does Plaintiff sustain his burden under Rule 59 or Rule 60 by demonstrating any newly discovered evidence, change of the controlling law, clear error or any other ground to grant relief.  Essentially Plaintiff disagrees with Magistrate Judge Peterson's decision to grant Defendants' respective summary judgment motions based upon the Court's findings that there was no genuine dispute of material facts as to Plaintiff's medical deliberate indifference claim.  Plaintiff merely repeats the same arguments he raised in opposition to Defendants' motion for summary judgment, which Magistrate Judge Peterson considered, but rejected, before granting Defendants' respective motions as a matter of law based on the record.  Having considered Plaintiff's Motion, the Court does not find that Plaintiff has presented any new or different facts, circumstances, or evidence, or otherwise satisfied his

4

burden to show that the Court committed clear error, or that the result was manifestly unjust, to justify reconsideration of the prior order and judgment.

Accordingly, it is now **ORDERED**:

1. Plaintiff's motion for relief under Fed. R. Civ. P. 72 and Local Rule 303(f) (Doc. No. 75) is **DENIED**.
2. Plaintiff's construed motion under Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 (Doc. No. 75) is **DENIED**.

IT IS SO ORDERED.

Dated:   February 25, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE